UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED JOHN BIANCHI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LANA VLASTELICA, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-1211 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a pretrial detainee currently housed in the Shasta County Jail and proceeds pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff alleges that defendant Vlastelica violated plaintiff's rights under HIPPA by first calling plaintiff's parole officer, and then fabricating a police report, stating that plaintiff threatened to kill Vlastelica.  Plaintiff alleges that according to the police report, defendant Ruth Wilcox injected plaintiff with Haldol, an anti-psychotic medication, which put plaintiff to sleep. Plaintiff was arrested and transported to the jail where he suffered uncontrolled muscle spasms as a result of the Haldol injection.  In his second claim, plaintiff alleges that defendants Wilcox and Vlastelica conspired to fabricate a police report to have plaintiff removed from the hospital and put in jail on a false charge.  As relief, plaintiff seeks the termination of both defendants.

Discussion

First, plaintiff challenges the disclosure of certain medical information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  HIPAA, however, does not provide any private right of action.  U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir.2007) ("HIPAA itself provides no right of action.").  Accordingly, plaintiff's HIPAA claim is barred.

Second, plaintiff's allegation that defendant Vlastelica, or both defendants together, fabricated the claim that plaintiff threatened to kill defendant Vlastelica, do not support a due process claim.  Allegedly false statements in a police report do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under § 1983.  See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v.

Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984). Accordingly, plaintiff's second claim fails to support any § 1983 claim for relief.[1]

Third, plaintiff's allegation concerning the injection of Haldol is unclear. Although the police report states that plaintiff was asleep at the time police contacted plaintiff and arrested him, there is no mention of a Haldol injection.[2] (ECF No. 1 at 6-8.) At the time plaintiff was injected, it appears he was on a 5150 hold and had not yet been arrested on the threats charge. Moreover, because only doctors (and physician's assistants in certain circumstances) are authorized to prescribe medication, it is unclear whether defendant Wilson, a registered nurse, is liable for such injection. In an abundance of caution, plaintiff is granted leave to amend should he be able to demonstrate a constitutional violation. Plaintiff is advised that the following standards govern such medical claims.

The Fourteenth Amendment governs claims for violations of the right to adequate medical care brought by pretrial detainees. Gordon v. Cty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018), cert. denied sub nom. Cty. of Orange, Cal. v. Gordon, 139 S. Ct. 794 (2019). Such claim is analyzed under an objective deliberate indifference standard. Gordon, 888 F.3d at 1124-25. The elements of such a claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id.

---

[1] Of course, plaintiff may challenge such allegation in his defense to the criminal charges raised in Case No. 20F8419. (See ECF No. 6.)

[2] On July 29, 2021, plaintiff provided a copy of an "investigation report" authored by an investigator with the Shasta County Public Defender's Office, setting forth details of an interview with defendant Vlastelica. (ECF No. 6.) There is also no mention of a Haldol injection in this report. (Id.) Plaintiff's handwritten notes on the report appear to confirm that plaintiff was brought to the hospital on a 5150 hold (mental health hold), because plaintiff "was threatening to commit a mass shooting." (ECF No. 6 at 1.)

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). The "'mere lack of due care'" is insufficient. Gordon, 888 F.3d at 1124–25 (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent – something akin to reckless disregard." Gordon, 888 F.3d at 1124-25; see also Sarkiss v. Duncan, 2017 WL 10562979, at *6 (C.D. Cal. Sept. 22, 2017) ("[A] claim of medical malpractice or mere negligence is insufficient to make out a Fourteenth Amendment claim.").

Leave to Amend

In light of the above pleading deficiencies, plaintiff's complaint is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Shasta County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

  a. The completed Notice of Amendment; and

  b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice, and this order.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 6, 2021

/bian1211.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED JOHN BIANCHI,<br><br>    Plaintiff,<br><br>    v.<br><br>LANA VLASTELICA, et al.,<br><br>    Defendants. | No. 2:21-cv-1211 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____   Amended Complaint

    _____
    Plaintiff